**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                Crim. No.  14-CR-2207 JAP

JOHNNY ELIAS LOPEZ,

        Defendant.

## DEFENDANT'S FORMAL OBJECTIONS AND SENTENCING MEMORANDUM

COMES NOW Defendant Johnny Elias Lopez, by and through his Court- appointed attorney, Jacquelyn Robins, Esq., pursuant to Fed. R. Crim. P. Rule 32 hereby submits his Formal Objections to the Pre-Sentence Report (PSR) and his Sentencing Memorandum.   The first section of this pleading will consist of Defendant's Formal Objections concerning the assessment of a 4 level increase over the base offense level pursuant to § 2K2.1(b)(6)(B) in paragraph 20 of the PSR.  The second section of this pleading will consist of argument supporting a sentence of 30 months' incarceration which would be the low end of the applicable guideline range if the Defendant's Objection is sustained.

### I.    Defendant's Formal Objections

Preservation of Formal Objections

The Pre-Sentence Report was disclosed on April 17, 2015, making the informal objections due on May 1, 2015.  However, the Government and the

U.S. Probation Office graciously extended the time for informal objections to May 29, 2015 and the informal objections were submitted on May 28, 2015. Defendant Lopez submitted two informal objections: the first objection resulted in a correction to the cover sheet and the second objection pertained to the four level increase recommended in paragraph 20 of the PSR.  Paragraph 20 of the PSR reads as follows:

> **Specific Offense Characteristics:** If the defendant used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge intent, or reason to believe that it would be used or possessed in connection with another felony offense, increase by 4 levels. As detailed in the Offense Conduct, the defendant was driving a stolen vehicle at the time of his arrest. Therefore, a four level increase is applicable.  USSG §2K2.1(b)(6)(B).                    **+4**

Defendant Lopez objected to the 4 level increase on the basis of Application Note 14(A) to USSG §2K2.1 which provides that "Subsections (b)(6)(B) and (c)(1) apply if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense or another offense, respectively."   Based on the information in the PSR, Defendant Lopez argued that the firearm could not be said to have facilitated, or have had the potential of facilitating, another felony offense.  As a result, Defendant Lopez contended that the four level increase should not have been assessed in paragraph 20.  Defendant Lopez followed up on his objection by pointing out that paragraph 24 should have reflected an adjusted offense level of 20 not 24, and paragraph 28 should have reflected a total offense level of 17 not

21.   Defendant Lopez therefore asked for a recommendation in paragraph 82 of a total offense level of 17 and a criminal history category of III, for a guideline imprisonment range of 30 to 37 months, as opposed to the recommendation of a total offense level of 21 and a criminal history category of III, for a guideline imprisonment range of 46 to 57 months.

Defendant Lopez also noted that the impact of the plea in paragraph 83 would change from an offense level of 24 to an offense level of 20, with a criminal history category of III, for a guideline imprisonment range of 41 to 51 months after conviction at trial.

On June 1, 2015, the U.S. Probation Office responded to the informal objection as follows:

> **Response No. 2**: Pursuant to U.S.S.G. §2K2.1(b)(6)(B), if the defendant used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another offense, increase by four levels.  As noted in the offense conduct, the defendant was found to be in possession of a firearm while driving a stolen vehicle at the time of his arrest.  The firearm was found on the driver's side floorboard of the vehicle the defendant was driving.  The enhancement does not depend on whether or not the connected criminal offense was filed or a conviction was obtained.  It is the position of the United States Probation Office the enhancement was properly applied.

Based upon the U.S. Probation Office determination that the enhancement was properly applied, Defendant Lopez submits this Formal Objection[1].

---

[1] All informal objections and responses are available for review by the Court upon request.

Argument concerning Formal Objections

Defendant Lopez argues that the four level increase in paragraph 20 has not been properly applied to him.  Response No. 2 refers to the offense conduct section of the PSR which consists of paragraphs 8 through 14 of the PSR.  Paragraph 9 of the PSR states:

> On May 21, 2014, Johnny Elias Lopez, the defendant, was arrested in Albuquerque, New Mexico, by the Albuquerque Police Department (APD) for an outstanding probation violation warrant in Case No. D-202-CR-2012-00316. The defendant was the driver of a vehicle that had previously been reported stolen in a carjacking with a firearm incident, occurring on May 15, 2014. Following the arrest of the defendant, a .357 caliber revolver was in observed in plain view in the driver's side floorboard of the vehicle the defendant was operating. The firearm appeared to be a Ruger model Super Six, .357 caliber revolver with an unknown serial number as the firearm was left undisturbed inside the vehicle pending the execution of a search warrant.  The vehicle was photographed and sealed by an APD Field Investigator. Upon searching the defendant, APD detectives located ten (10) rounds of Winchester .357 caliber ammunition in the defendant's left front pants pocket.

Paragraph 10 of the PSR refers to Mr. Lopez' statement and includes the following information pertaining to possession of the firearm and ammunition and the vehicle:

> The defendant stated the firearm and ammunition belonged to him and he had been in possession of the firearm for approximately four (4) weeks. The defendant stated he purchased the black vehicle for $1,000 from a "black" kid.

Paragraph 14 refers to additional investigation of the case by the Probation Office:

> The probation officer contacted the ATF Special Agent assigned

4

to the case.  According to the case agent, there is no information indicating the Ruger, model Security Six, .357 caliber revolver, serial number 150-92488, found with the defendant on May 21, 2014, was stolen.  In addition, the case agent advised there is no information indicating the defendant was connected to the May 15, 2014, carjacking. Furthermore, according to Discovery in this case, the defendant was a suspect in a Bernalillo County Sheriff's Office homicide investigation. According to the case agent, the defendant is no longer a suspect in that investigation.

Based upon the information contained in the offense conduct section of the PSR, there is no connection between Defendant Lopez and the carjacking in which the car was stolen.  As a result, the firearm cannot be said to have facilitated, or to have had the potential of facilitating, another felony offense; to-wit, the stealing of the vehicle.  For that reason, the four level increase should not have been assessed in paragraph 20.

Based upon the arguments made in these Objections and to be made at the time of sentencing, Defendant Lopez respectfully requests that the Court sustain his objection to the four level increase in paragraph 20 and revise paragraph 24 to reflect an adjusted offense level of 20 not 24, and paragraph 28 to reflect a total offense level of 17 not 21.  Thus Paragraph 82 should be revised to reflect a total offense level of 17 and a criminal history category of III, for a guideline imprisonment range of 30 to 37 months.

## II.   Support for a Sentence of 30 Months

Terms of Plea Agreement

Pursuant to Paragraph 8 of the Plea Agreement, the parties have

entered into the Plea Agreement under Rule 11(c)(1)(B).    Doc. 34 at 4.

Pursuant to Paragraph 8(c), "The United States will recommend the low-end

of the applicable guideline imprisonment range as determined by the Court

in this case."   If Defendant Lopez' objection is sustained, the total offense

level is 17 and the criminal history category is III for a guideline

imprisonment range of 30 to 37 months.   Thus the low-end of the applicable

guideline range would be 30 months.   Defendant Lopez respectfully requests

that the Court impose a sentence of 30 months in this case.

Pursuant to Paragraph 12 of the Plea Agreement, Defendant Lopez has

agreed that the Plea Agreement has conferred a benefit upon him and in

exchange he has agreed not to seek a downward departure or variance.

Doc. 34 at 6.   In keeping with the terms of the Plea Agreement, Defendant

Lopez will not ask for any departure or variation.   Instead, based upon his

objection and the Government's recommendation of a sentence at "the low-

end of the applicable guideline imprisonment range as determined by the

Court in this case," Defendant Lopez asks for imposition of a sentence of 30

months.

Booker Analysis

As this Court is well aware, in United States v. Booker, 543 U.S.

220 (2005), the U.S. Supreme Court severed the mandatory

provisions from the Federal Sentencing Act, thus making the Guidelines

effectively advisory. In excising the two sections, the Supreme Court

left the remainder of the Act intact, including 18 U.S.C. §3553(a):

> *Section 3553(a)* remains in effect, and sets forth numerous factors that guide sentencing. Those factors in turn will guide appellate courts, as they have in the past, in determining whether a sentence is unreasonable.

Booker, 543 U.S. at 261.

Nature and Circumstances of the Offense

Defendant Lopez' Formal Objections above address the nature and circumstances of the offense.

The History and Characteristics of the Defendant

As noted in ¶ 37 of the PSR, Defendant Lopez completed his 200 day sentence on his probation violation on December 21, 2014. Defendant Lopez was arrested on this federal charge on July 16, 2014 and transported to the Torrance County Detention Center where he remains incarcerated to this day.  However, because Defendant Lopez cannot be given credit for any time credited against another case, Defendant Lopez only began to get credit for time served on this case as of December 21, 2014.

Defendant Lopez left school while in the tenth grade and has not yet obtained his GED. PSR at ¶¶ 72 and 98.  Defendant Lopez has approximately 5 years' experience as a glass glazer with intermittent employment. PSR at ¶73.

Defendant Lopez admitted to a history of drug abuse, but has remained out of trouble and even assisted others during his periods

7

of sobriety:

> his longest period of sobriety was approximately two
> years, from 2012 to 2014, when he was teaching non-
> violent communication.    The defendant attributes this
> period of sobriety because he had a "sense of belonging,"
> and a "sense of meaning in life."

PSR at ¶ 66.  Defendant Lopez missed that sense of belonging in his

childhood.   Defendant Lopez described his childhood as "confusing"

because "he never knew where he 'belonged,' or who he should

'hang out' with."   PSR at ¶ 49.  He told the Probation Officer that he

had no friends, was beaten up by other kids, had to be hospitalized

three or four times, and felt the need for protection so he joined a

gang but did not participate in gang activities.  PSR at ¶ 49.

Defendant Lopez told the Probation Office that he obtained

counseling from William Poehner.   PSR at ¶ 65.   The Center for

Nonviolent Communication website lists Mr. Poehner as an instructor

and provides Mr. Poehner's description of his services as "a lead

instructor and the executive director of Comienzos (comienzos.org)

a nonprofit that provides education and therapeutic services for

inmates of the Bernalillo County Metropolitan Detention Center." See

https://www.cnvc.org/user/wpoehner (last accessed 06/09/2015).

Mr.  Poehner  loves  "sharing  my  experience  of  Nonviolent

Communication to anyone interested" and is "available for public

speaking, facilitation and coaching." Id.

Although it does not appear Mr. Poehner is a licensed therapist, the services of his non-profit organization, Comienzos, provides classes in learning and practice in Nonviolent Communication, as developed by Dr. Marshall Rosenberg; meditative practices including seated meditation, T'ai Chi Chih, and yoga; and 12 step recovery. See http://comienzos.org/ (last accessed 06/09/2015).   Defendant Lopez benefited from the services provided by Mr. Poehner and, in turn, counseled others in nonviolence. See PSR at ¶¶ 65-66.

Under "Physical Condition", the PSR describes Defendant Lopez' many tattoos but notes that Defendant Lopez "wishes to remove his tattoos and 'lead a normal life.'"  PSR at ¶ 55.

Although it is clear from the PSR that Defendant Lopez is not in good physical or mental condition (PSR at ¶¶ 56 – 65), Defendant Lopez still wants to help others.  Defendant Lopez told the Probation Office that "one of his ambitions is to help other convicted felons in their effort to secure employment and housing opportunities."  PSR at ¶ 51.   Defendant Lopez also "hopes to benefit from the services of a residential reentry program." PSR at ¶ 51.

Need for the Sentence Imposed

A 30 month sentence is sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of 18 U.S.C. § 3553(a).   In particular, a 30 month sentence will

reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; afford adequate deterrence to criminal conduct; protect the public from further crimes of the defendant; and provide the defendant with needed educational and vocational training, medical care, and other correctional treatment.

## Conclusion

WHEREFORE, for the reasons stated above and to be stated at the time of sentencing, Defendant Lopez respectfully requests the Court sustain his objection to the 4 level increase over the base offense level pursuant to §2K2.1(b)(6)(B) in paragraph 20 of the PSR and impose a sentence of 30 months at the low-end of the guideline range.

Respectfully submitted,

_____ Signed 6/09/15_____
**JACQUELYN ROBINS, ESQ.**
Attorney for Defendant Lopez
812 Marquette Ave. NW
Albuquerque, New Mexico 87102
(505) 242-5359

This will certify that on June 9, 2015, the foregoing document was filed through the CM/ECF system and as such was the equivalent of service to AUSA Sammy Hurtado.

_____ Signed 6/09/15_____
**JACQUELYN ROBINS, ESQ.**