UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA**,

    Plaintiff,

vs.  No. 14-CR-2207 JP

**JOHNNY ELIAS LOPEZ**,

    Defendant.

## MEMORANDUM OPINION AND ORDER

On June 6, 2015, Defendant filed an OBJECTION TO PRESENTENCE INVESTIGATION REPORT ("Objection") (Doc. No. 40). In the Objection, Defendant contends that the United States Probation Office ("USPO") erroneously applied a four-level enhancement to his guidelines sentencing range under U.S.S.G. § 2K2.1(b)(6)(B) for possessing a firearm in connection with another felony. In a RESPONSE ("Response") (Doc. No. 41), the government argues that Defendant's objection should be overruled because Defendant possessed a firearm in connection with car theft, or in the alternative resisting arrest. On June 16, 2015, Defendant filed a REPLY (Doc. No. 42). For the following reasons, the Court will sustain Defendant's Objection.

**I.      BACKGROUND**

On May 21, 2014, Defendant was arrested on outstanding felony warrants by Albuquerque Police Department officers. At the time of his arrest, Defendant was a convicted felon. He was arrested while driving a stolen vehicle and was in possession of a .357 caliber revolver and .357 caliber cartridges. On June 24, 2014, a grand jury returned a two-count INDICTMENT ("Indictment") (Doc. No. 4) charging Defendant with violations of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

In exchange for the government's promise to dismiss Count 2 of the Indictment, Defendant entered into a PLEA AGREEMENT (Doc. No. 34) on April 9, 2015. Under the agreement, Defendant admitted that he was a convicted felon and that on May 21, 2014 he possessed a .357 caliber revolver, thirty-eight Winchester brand .357 caliber cartridges, and one Federal brand .38 caliber cartridge. *See* Doc. No. 34 at 3. At a hearing on April 9, 2015, Defendant pleaded guilty to Count 1 of the Indictment before Magistrate Judge Steven Yarborough.

The USPO prepared a presentence report (PSR). The PSR concludes that Defendant's total adjusted offense level was 24 and that his criminal history category was III, resulting in a guideline imprisonment range of 46 to 57 months. The USPO's calculation of Defendant's adjusted offense level under the Sentencing Guidelines includes a four-level increase under U.S.S.G. § 2K2.1(b)(6)(B). The USPO applied the four-level enhancement because it concluded Defendant had "used or possessed" the firearm that gave rise to the Indictment "in connection with another felony offense[.]" U.S.S.G. § 2K2.1(b)(6)(B). The USPO reasoned that because Defendant was arrested while driving a stolen vehicle, his possession of the .357 caliber revolver was "in connection with" another felony. *See* Objection at 2.

In his Objection to the PSR, Defendant contends that Section 2K2.1(b)(6)(B)'s four-level enhancement does not apply because there is no evidence Defendant stole the vehicle he was driving at the time of his arrest or that he knew the vehicle was stolen. Defendant further contends that in any event the firearm in his possession did not facilitate, or have the potential of facilitating, the theft. *See* Objection at 2 (quoting U.S.S.G. § 2K2.1(b)(6)(B) cmt., application note 14(A)); Objection at 5.

In its Response, the government says that "[t]he fact that there [is] no connection between the actual carjacking of the stolen car and Defendant himself is of no moment." Response at 6. The government argues that "Defendant's action of driving a stolen vehicle while in possession of a firearm is a sufficient basis" for imposing Section 2K2.1(b)(6)(B)'s four-level enhancement. In the alternative, the government contends that Defendant resisted during his May 21, 2014 arrest, and that this resistance provides an independent basis for imposing the four-level enhancement.

## II.     LEGAL STANDARD

"Factual findings [at sentencing] must be supported by a preponderance of the evidence." *United States v. Hooks*, 551 F.3d 1205, 1217 (10th Cir. 2009). "If the defendant…used or possessed any firearm or ammunition in connection with another felony offense…[the Court must] increase [the defendant's offense level] by 4 levels." U.S.S.G. § 2K2.1(b)(6)(B). Application note 14 to the committee comment on § 2K2.1(b)(6)(B) states that "[Subsection] (b)(6)(B)…appl[ies] if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense…." U.S.S.G. § 2K2.1(b)(6)(B) cmt., application note 14(A), (E). "Section 2K2.1(b)(6)(B) contains three elements: the defendant must (1) use or possess a firearm (2) in connection with (3) another felony offense." *United States v. Marrufo*, 661 F.3d 1204, 1207 (10th Cir. 2011). A defendant's possession or use of a firearm or ammunition 'facilitates' another felony when the possession or use "embolden[s] the possessor to commit the offense." *United States v. Justice*, 679 F.3d 1251, 1255 (10th Cir. 2012) (citations omitted).

### III.     DISCUSSION

The USPO's decision to impose the Section 2K2.1(b)(6)(B) enhancement was based solely on two uncontested facts: (1) Defendant possessed a firearm at the time of his arrest, and (2) he was arrested while in possession of a stolen vehicle. The government agrees with the USPO's analysis.[1] Defendant argues that even if it is proven that he committed a felony by possessing the vehicle, there is no evidence that his possession of a firearm "facilitated" his possession of the stolen vehicle.

Defendant's presentence report states that the vehicle Defendant was driving "had previously been reported stolen in a carjacking with a firearm incident" less than a week before Defendant's arrest. After his arrest, Defendant explained that he had "purchased the…vehicle for $1,000 from a 'black' kid." Although Defendant's possession of the vehicle shortly after it was stolen is circumstantial evidence that Defendant himself committed the carjacking, the government concedes that Defendant's post-arrest explanation of how he came into possession of the vehicle makes it impossible to say that Defendant more likely than not committed the carjacking.

So the government instead argues that Defendant's mere possession of a stolen vehicle makes it more likely than not that Defendant committed a felony. Although the government does not cite any particular statute for this proposition, presumably it refers to N.M. Stat. Ann. § 30-16D-4(A) (2009), which states that it is a felony for anyone to "possess[] any vehicle that the person knows or has reason to believe has been stolen or unlawfully taken."

*United States v. Thompson*, 573 Fed.App'x. 786 (10th Cir. Aug. 7, 2014) (unpublished) is persuasive. In that case, the defendant argued that there was insufficient evidence in support of

---

[1] In its Response, the government made an alternative argument that defendant resisted police officers' attempts to arrest him, and this resistance triggers the enhancement because it is "another felony" connected with his possession of the firearm. However, the government abandoned this argument at the sentencing hearing.

the district court's factual finding that Defendant knew he was driving a stolen vehicle and therefore had committed a felony under Utah law. 573 Fed.App'x. at 787. But at an evidentiary hearing, a witness testified that she had seen the Defendant driving her brother's vehicle, which had recently been reported as stolen. *Id.* at 788. The witness testified that when she tailed the vehicle, the defendant leaned out of the car and fired a pistol at her several times. *Id.* at 788. The district court also heard testimony from arresting officers that defendant had thrown the keys to the vehicle and a pistol into a restaurant trashcan immediately before he was arrested. *Id.*

The court of appeals found abundant evidence to support the district court's finding that the defendant knew the vehicle in his possession was stolen. *Id.* at 789. The court found that defendant's "shooting at those following him and his disposing of the keys in the restroom trash can imply guilty knowledge." *Id.*

Unlike the record before the sentencing court in *Thompson*, there is no evidence in this case that can be used to infer that Defendant knew the vehicle he was driving was stolen. To be sure, Defendant's post-arrest statement that he bought the vehicle for $1,000 from a "black kid" strains credulity. But there is no corroborating evidence in the record—such as the make and model of the vehicle—that shows Defendant should have been on notice that the $1,000 price tag was a literal steal. Nor is there any evidence refuting Defendant's explanation for how he came to possess the vehicle in the first place.

Like the Utah statute at issue in *Thompson*, the New Mexico statute prohibiting possession of a stolen vehicle has a mens rea element: mere possession of a stolen vehicle is not enough to convict. While the government need only prove Defendant knew the vehicle was stolen by a preponderance of the evidence, that does not mean it need not provide any evidence of knowledge whatsoever. Accordingly, the Court will not impose a four-level enhancement

under Section 2K2.1(b)(6)(B) based on the mere fact that Defendant was found in possession of a stolen vehicle at the time of his arrest.

### IV. CONCLUSION

The Court will grant Defendant's formal objection to the PSR and subtract four levels from Defendant's offense level calculation, resulting in an Adjusted Offense Level of 20 and a Total Offense Level of 17.

IT IS ORDERED THAT Defendant's OBJECTION TO PRESENTENCE INVESTIGATION REPORT (Doc. No. 40) is SUSTAINED.

*/s/ James A. Parker*
SENIOR UNITED STATES DISTRICT JUDGE